

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

February 18, 1992

Charles E. Nemir, P.E.
Executive Director
State Board of Registration for
 Professional Engineers
P. O. Drawer 18329
Austin, Texas 78760

Opinion No. DM-92

Re: Whether increase in renewal fees is applicable to registered engineers who are at least 65 years of age   (RQ-173)

Dear Mr. Nemir:

House Bill 11, enacted during the first called session of the 72d Legislature, was an omnibus revenue bill that imposes sweeping changes in the rates, collection, and administration of various fees and taxes collected by the state and the allocation of revenue derived from these sources. Acts 1991, 72d Leg., 1st C.S., ch. 5, at 134. Article 10 of the bill amends several statutes to uniformly increase by $200 a number of professional licensing fees collected by state agencies, including certain fees collected by the Texas State Board of Registration for Professional Engineers (the board). Section 10.08 of House Bill 11 adds section 13B to the Texas Engineering Practice Act, V.T.C.S. article 3271a. Section 13B now provides the following in pertinent part:

> (a) Each of the following fees imposed by or under another
> section of this Act is increased by $200:
>
> > (1)  registration fee;
> >
> > (2)  annual renewal fee; and
> >
> > (3)  reciprocal registration fee.

Section 13B took effect September 1, 1991. The board may set fees in an amount not to exceed the sums specified in section 13(b) of the act.

The board by rule may adopt reduced fees "for registered engineers who are at least 65 years of age." V.T.C.S. art. 3271a, § 13(d) (as added by Acts 1989, 71st

Leg., ch. 947, § 1, at 4012). You ask whether the board may exercise its authority under section 13(d) to reduce the annual renewal fee for senior engineers by the $200 amount imposed by section 13B. We conclude that the board may take the $200 amount into account when setting reduced fees for registered engineers who are least 65 years of age.

As introduced, House Bill 180, the bill enacting section 13(d), gave the board the discretion to adopt reduced fees for retired engineers. Its author testified that the purpose of the bill was specifically to provide retired engineers relief from a temporary $110 fee increase imposed on certain professional licenses by the 70th Legislature. Hearings on H.B. 180 Before the House Comm. on Bus. and Com. (Feb. 27, 1989) (testimony of Rep. Ashley Smith). The author indicated that section 13(d) would in the future allow the board flexibility in adjusting fees for registered engineers who may no longer actually be engaged in the profession but, for personal reasons, wish to maintain their licenses. A committee substitute removed retirement as a qualification for the fee reduction, requiring instead only that the registrant be at least 65 years of age.

The legislature thus expressly recognized the special economic circumstances of registered engineers who are at least 65 years of age. It was presumed that because of their age, these professionals would have fewer opportunities to absorb the costs of licensing than younger persons. *See* House Comm. on Bus. and Com., Bill Analysis H.B. 180, 71st Leg. (1989); Testimony on H.B. 180, *supra*. Section 13(d) was specifically tailored to mitigate the harsh effects of future fee increases on this class of engineers. It is thus perfectly suited to the problem presented by House Bill 11 and section 13B of the Engineering Practice Act.

The structure and language of House Bill 11 indicates that its overall objective was to generate revenue from reliable sources, including the practitioners of professions regulated by the state. However, we detect no legislative intent to eliminate the board's discretion to reduce the fees of licensees who are at least 65 years of age. Consequently, we do not believe section 13B must be read to impliedly do so.

Finally, the result we reach here is supported by Attorney General Opinion JM-873 (1988). There, the issue was whether the State Board of Public Accountancy could reduce the licensing fees of accountants over the age of 65 who were affected by a $110 temporary fee increase on professional licensing fees imposed by the 70th Legislature. The statutory language imposing the fee increase was similar

to the language of section 13B of the Engineering Practice Act, and the Board of Public Accountancy was delegated authority comparable to section 13(d) of the Engineering Practice Act. *See* V.T.C.S. art. 41a-1, §§ 9, 31 (pre-1989 language). The opinion determined that the reference in section 31 to fees set under other provisions of the statute indicated that the $110 figure merely augmented the specific fee referred to and did not impose a different fee or tax. The opinion concluded that the $110 amount became a part of the fee that the Board of Public Accountancy was given the discretion to reduce by section 9(c) of the statute. The board could therefore take the $110 into account when setting reduced fees for licensees at least 65 years of age. In keeping with Attorney General Opinion JM-873, we conclude that the State Board of Registration for Professional Engineers may take into account the $200 fee increase imposed by section 13B of article 3271a, V.T.C.S., when setting reduced fees for licensed engineers at least 65 years of age.

## SUMMARY

The State Board of Registration for Professional Engineers may, for purposes of setting reduced fees for licensees at least 65 years of age, consider the $200 fee increase imposed by section 13B of article 3271a, V.T.C.S., as part of the fee subject to reduction.

Very truly yours,

DAN MORALES
Attorney General of Texas

p. 465

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Steve Aragon
Assistant Attorney General